UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VINCENT L. FIELDS, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | CASE NO. C18-1572JLR <br><br> ORDER |

Before the court is Petitioner Vincent L. Fields's motion to stay his petition for habeas corpus under 28 U.S.C. § 2255. (MTS (Dkt. #10); *see also* Pet. (Dkt. # 1).) Mr. Field's motion is noted for March 15, 2019. (*See* Dkt. # 10 (indicating that the Clerk noted Mr. Field's motion for March 15, 2019).) Respondent Untied States of America ("the Government") did not file a response. (*See generally* Dkt.) For the reasons stated below, the court GRANTS Mr. Field's unopposed motion.

In 1987, the United States District Court for the Southern District of California sentenced Mr. Fields to 120 months for offenses related to crack cocaine. *See United*

*States v. Fields*, No. CR17-0119JLR (W.D. Wash.), Am. PSI Report (Dkt. # 34) at 6. In November 1994, the Superior Court for the State of Washington in King County sentenced Mr. Fields to 219 months for murder and other drug-related offenses. *Id.* at 7. In November 2012, this court sentenced Mr. Fields to 18 months for various drug-related offenses. *Id.* at 8. On February 26, 2018, this court also sentenced Mr. Fields to 180 months for Armed Bank Robbery and Brandishing a Firearm During and in Relation to a Crime of Violence. *See United States v. Fields*, No. CR17-0119JLR (W.D. Wash.), Judgment (Dkt. # 41) at 2. The court dismissed Count 3, Felon in Possession of a Firearm as an Armed Career Felon, upon the Government's motion. *Id.* at 1.

"To alleviate the severe sentencing disparity between crack and powder cocaine, the [Fair Sentencing] Act [of 2010, 21 U.S.C. § 841,] reduced the statutory penalties for cocaine base offenses." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). In 2018, the Congress passed, and the President signed into law, the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, which made retroactive some provisions of the Fair Sentencing Act. *United States v. Sampson*, No. 00-CR-6083L, 2019 WL 1141528, at *1 (W.D.N.Y. Mar. 13, 2019).

On February 14, 2019, the Federal Defenders of San Diego advised Mr. Fields that he is potentially eligible for a sentence reduction for his 1987 conviction pursuant to the terms of the First Step Act. (Fields Decl. (Dkt. # 10) ¶ 1, Ex.) Mr. Fields completed serving his term of confinement for that conviction. *See United States v. Fields*, No. CR17-0119JLR (W.D. Wash.), Am. PSI Report at 7.

//

Mr. Fields argues that a change in his sentence for his 1987 conviction could change his criminal history and career offender status, which the court calculated for purposes of considering his sentence in 2018. *See id.* at 6. Without accepting or rejecting this argument, before considering Mr. Fields's 28 U.S.C. § 2255 habeas corpus petition, the court should know if Mr. Fields qualifies for a First Step Act reduction with respect to his conviction and sentence in the United States District Court for the Southern District of California.

As noted above, the Government has not responded to Mr. Field's motion for a stay. (*See generally* Dkt.) "[I]f a party fails to file papers in opposition to a motion," the court may consider such a failure "as an admission that the motion has merit." Local Rules W.D. Wash. LCR 7(b)(2). The court considers the Government's failure here as such an admission.

The court, therefore, GRANTS Mr. Field's motion for stay (Dkt. # 10). The court DIRECTS the Clerk to remove Mr. Field's 28 U.S.C. § 2255 habeas petition (Dkt. # 1) from its calendar until further notice from the court. The court ORDERS Mr. Fields to notify the court of the result of his First Step Act motion within 15 days of a decision by the United States District Court for the Southern District of California. The court further ORDERS the Government to likewise monitor Mr. Field's First Step Act motion in the Southern District of California and to notify the court of any decision with respect to that motion. Finally, irrespective of any action by the court in the Southern District of California, the court ORDERS the parties to file a status report every six months

//

beginning six months from the date of this order regarding whether the court should lift the stay at that time.

Dated this 22nd day of March, 2019.

JAMES L. ROBART
United States District Judge