UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VINCENT L. FIELDS, | CASE NO. C18-1572JLR |
| Petitioner, | (CR17-0119JLR) |
| v. | ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Before the court is Defendant-Petitioner Vincent Fields's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (Mot. (Dkt. # 1).) In his motion Defendant argues that he received ineffective assistance of counsel in negotiating his Plea Agreement, at sentencing and following his notice of appeal. (*See generally id.*) Defendant does not seek to withdraw his guilty plea, rather he seeks a resentencing where the parties would be bound by the terms of his Plea Agreement. (*See* Mot. at 5.) Defendant's motion does not support a finding of deficient performance of counsel, or the

type of prejudice necessary to support his requested relief. For this reason, the court DENIES the motion (Dkt. # 1).

On October 17, 2017, Defendant entered into a detailed Plea Agreement (CR17-0119JLR, Dkt. # 20.) In exchange for Defendant's guilty plea to Counts 1 and 2, the Government agreed to dismiss Count 3 of the indictment. (*See id.* at 8.) At his change-of-plea hearing Defendant testified under oath he understood that based on his prior convictions he would be scored as a career offender and face a guideline range of 262-327 months. (CR17-0119JLR, Dkt. # 48 at 12.) During the same hearing, Magistrate Judge Tsuchida specifically advised Defendant that if he had been convicted of all counts charged in the indictment, he could have faced a total mandatory minimum sentence of 22 years. (*Id.* at 13-14).

Subsequently, Defendant wrote the court arguing that his first lawyer should have objected to the contents of the presentence report. (CR17-0119JLR, Dkt. # 23 (sealed).) Defendant's first attorney withdrew and the court appointed a new attorney for Defendant. (*See* CR17-0119JLR, Dkt. # 45.) On February 2, 2018, the court held a status conference. (*See* CR17-0119JLR, Dkt. # 46.) After a long discussion, Defendant stated he was not "making an issue in the sense [his prior lawyer] was ineffective. I'm not saying that." (*Id.* at 27).

At his sentencing hearing the government recommended a total sentence of 180 months in custody. Defendant's second attorney joined in the 180-month recommendation, and the court imposed a sentence of 180 months. (CR17-0119JLR, Dkt. # 47 at 28-29.)

Following sentencing, Defendant filed a pro se notice of appeal. (CR17-0119JLR, Dkt. # 42.) Defendant requested appellate counsel and the Ninth Circuit Court of Appeals appointed a third attorney to represent Defendant. (CR17-0119JLR, Dkt. # 44). Defendant/Appellant subsequently moved to voluntarily dismiss his appeal, and the Ninth Circuit granted his motion. (CR17-0119JLR, Dkt. # 49.)

To support an ineffective assistance of counsel ("IAC") claim Defendant must show inadequate performance and prejudice from the inadequate performance. *Strickland v. Washington*, 466 U.S. 668, 690, 692 (1984). Defendant faults his first attorney for giving him inaccurate advice. (*See* Mot. at 4.) The gravamen of Defendant's allegation is that his attorney failed to dispute which of Defendant's convictions should count for purposes of his career offender guideline range. (*See generally id.*) But Defendant admitted under oath he entered into the Plea Agreement to take advantage of the terms of the Plea Agreement insuring he would not face a mandatory minimum sentence of at least 22 years. (CR17-0119JLR, Dkt. # 48 at 13-14.) In addition, as discussed in the Government's Answer, Defendant's first attorney's advice regarding Defendant's prior convictions at the career offender guidelines was accurate. (Resp. (Dkt. # 8) at 10-13.)

Defendant's claims against his second attorney are even more attenuated. Defendant faults his second lawyer for not arguing that his 1995 murder conviction and 1987 drug conviction were not predicate offenses to his armed career criminal enhancement. (*See* Mot. at 12-15.) However, to so argue would have been a breach of the Plea Agreement, allowing the Government to withdraw from the Agreement and seek

a higher sentence—a result that Defendant, even today, seeks to avoid. The court concludes that Defendant's IAC claim is unsupported by the facts and the law.

Defendant faults his third attorney for urging him to dismiss his appeal. (*See* Mot. at 16-19). The change-of -plea hearing establishes Defendant entered his plea knowingly and voluntarily. (*See generally* CR17-0119JLR, Dkt. # 48.) The Plea Agreement contains a waiver on appeal. (*See* CR17-0119JLR, Dkt. # 20 at 4.) An appeal would allow the Government to void the Plea Agreement and seek a higher sentence. Defendant's third attorney recommended not pursuing an untenable issue on appeal and risk withdrawal of a very favorable Plea Agreement. In view of Defendant's continued hope to secure the benefits of his Plea Agreement without being subject to its terms, it was not ineffective assistance of counsel to recommend that the appeal be dismissed.

For the foregoing reasons, Defendant's motion for relief (Dkt. # 1) is DENIED and a certificate of appealability is likewise DENIED.

Dated this 19th day of September, 2019.

The Honorable James L. Robart
U.S District Court Judge