# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| VINCENT L. FIELDS,<br><br>               Petitioner,<br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | CASE NO. C18-1572JLR<br><br>(CR17-0119JLR)<br><br>ORDER DENYING PETITIONER'S MOTION TO RECUSE AND REFERRING THE MOTION TO THE CHIEF JUDGE |

## I. INTRODUCTION

Before the court is *pro se* Petitioner Vincent L. Fields's motion to recuse and disqualify the undersigned judge. (MTR (Dkt. # 17).) The court has considered the motion and DENIES it for the reasons set forth below. The court further DIRECTS the Clerk to refer the motion to Chief Judge Ricardo S. Martinez for further review.

## II. BACKGROUND & ANALYSIS

On October 25, 2018, pursuant to 28 U.S.C. § 2255, Mr. Fields filed a petition for habeas corpus or motion to vacate, set aside, or correct the sentence established in his

criminal case in the Western District of Washington. (*See* Petition (Dkt. # 1)); *see also United States v. Vincent L. Fields*, No. CR17-0119JLR (W.D. Wash.). On February 25, 2019, the court granted Mr. Fields's motion to stay his petition for habeas because the Federal Defenders in San Diego advised Mr. Fields that he was potentially eligible for a sentence reduction for his 1987 conviction pursuant to the terms of the First Step Act. (3/25/19 Order (Dkt. # 11).) On August 12, 2019, the court lifted the stay because the Federal Defenders in Dan Diego subsequently informed Mr. Fields that he was not eligible for such a sentence reduction, and accordingly, they would not be filing a motion for a sentence reduction on his behalf. (8/12/19 Order (Dkt. # 14).) On September 19, 2019, the court denied Mr. Fields's petition for habeas corpus or motion to vacate, set aside, or correct his sentence. (9/19/19 Order (Dkt. # 15).) In that order, the court also denied Mr. Fields a certificate of appealability. (*Id.* at 4.)

On October 21, 2019, Mr. Fields filed two motions: (1) a motion for reconsideration of the court's order denying his habeas corpus petition and a certificate of appealability (*see* MFR (Dkt. # 16)); and (2) a motion to recuse and disqualify the undersigned (*see* MTR). At present, the court considers only the latter motion to recuse.

Under the Local Civil Rules for the Western District of Washington, "[w]henever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily." Local Rules W.D. Wash. LCR 3(f). "If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." *Id.* "The substantive standard for recusal

under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks and alterations omitted).

Mr. Fields argues that because the undersigned denied Mr. Fields a certificate of appealability, "it would be oxymoronic to ask [J]udge Robart to reconsider his decision." (MFR at 4.) However, the fact that Mr. Fields disagrees with the undersigned's decision or moves for reconsideration of that decision is not a basis for seeking recusal. Indeed, district court judges are often asked to reconsider prior decisions. *See* Local Rules W.D. Wash. LCR 7(h) (setting forth the standards and procedures for motions for reconsideration). Thus, the court concludes that Mr. Fields has failed to state a basis for recusal of the undersigned. Specifically, Mr. Fields does not establish that the undersigned judge is presiding over a case in which (1) his "impartiality might reasonably be questioned," *McTiernan*, 695 F.3d at 891; *see also* 28 U.S.C. § 455(a); (2) he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," *id.* § 455(b)(1); *see also id.* § 144; (3) he has served as a lawyer in this controversy while in private practice, *id.* § 455(b)(2); or (4) he has a financial interest, *id.* § 455(b)(3)-(4). In addition, the court cannot independently conceive of a basis for recusal. For these reasons, the court denies Mr. Fields's recusal motion and directs the Clerk to refer this order and Mr. Fields's motion to Chief Judge Martinez.

//

## III. CONCLUSION

For the reasons set forth above, the court DENIES Mr. Fields's motion to recuse (Dkt. # 17) and DIRECTS the Clerk to refer this order and the motion to Chief Judge Martinez for further review.

Dated this 23rd day of October, 2019.

JAMES L. ROBART
United States District Judge