# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| VINCENT L. FIELDS,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO. C18-1572JLR<br><br>ORDER AFFIRMING ORDER DENYING PETITIONER'S MOTION TO RECUSE |

This matter is before the Court on Petitioner's Motion to Recuse and Disqualify Judge Robart from Further Proceedings as They Relate to Petitioner Vincent L. Fields. Dkt. #17. Judge Robart denied the Motion, declining voluntary recusal. Dkt. #18. Pursuant to the Court's Local Civil Rules, Judge Robart referred the matter to the Undersigned. *Id.*; LCR 3(f).

A "judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges also must disqualify themselves in circumstances where they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Similarly, recusal is appropriate

> [w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party . . . .

ORDER – 1

28 U.S.C. § 144.

Under both section 144 and section 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

Petitioner's Motion establishes that it is premised on his subjective perception of bias because of Judge Robart's rulings in Petitioner's case. Petitioner first points to Judge Robart's denial of his section 2255 motion. Dkt. #17 at 1–2. Additionally, Petitioner argues that Judge Robart improperly denied him a certificate of appealability and that he should have been entitled to a certificate of appealability.[1] *Id.* at 4–5. But, "a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source."). Motions for recusal are not the proper process to seek reconsideration of a prior order. Petitioner may seek review of Judge Robart's prior orders in a manner consistent with the applicable rules of procedure.

//
//
//
//
//

---

[1] Notably, Petitioner does not point to any text or analysis indicative of bias and relies only on the fact that Judge Robart did not grant the relief sought.

ORDER – 2

Petitioner has failed to set forth a reasonable basis upon which Judge Robart's "impartiality might reasonable be questioned." Accordingly, the Court finds and ORDERS that Judge Robart's Order (Dkt. #18) declining to recuse himself is AFFIRMED. The Clerk shall mail a copy of this Order to Petitioner at his last known address.

DATED this 29 day of October, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3